**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RICHARD A. ARMSTRONG,**
    **Petitioner,**
**v.**                                               **Case No. 4:19cv004-RH/CAS**

**WAKULLA JAIL,**
    **Respondent.**
_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

On or about January 2, 2019, Petitioner Richard A. Armstrong, an inmate at the Wakulla County Jail, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a pending proceeding in state court case number 17-104CF. ECF No. 1. Because Armstrong did not sign the petition, this Court directed him to file an amended § 2254 petition if he wished to proceed. *See* ECF No. 4.

In that order, the Court also advised Armstrong that § 2254 is the means by which "a person in custody pursuant to the judgment of a State court" applies for habeas corpus relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because, from the information Armstrong provided, he had not yet been convicted and sentenced in state court, any challenge to such is premature. This Court further explained that, before properly

bringing such a challenge in federal court, Armstrong would also need to exhaust his claims in state court.   On or about January 10, 2019, Armstrong submitted for mailing an amended § 2254 petition.   ECF No. 5.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined the federal habeas petition should be summarily dismissed because the challenge is premature and barred by Younger v. Harris, 401 U.S. 37 (1971).

## **Background and Procedural History**

In his amended § 2254 petition, Armstrong, confined at the Wakulla County Jail, indicates he challenges Wakulla County court case number 17-104CF.   ECF No. 5 at 1.   He indicates his judgment and sentence are pending and no trial has yet taken place.   Id. at 2.   He does not indicate the pending charges.   See id.   He raises four grounds:

   (1)   "Fire arm is not registered to me, its Patrick and proving ownership."   Id. at 9.

   (2)   "Stacy Kickler is removed [as defense counsel] without any reason of conflict."   Id. at 11.

   (3)   "Other witnesses and stacking to multiply charges."   Id. at 13.

(4)   "Patrick Green, Jr., shot the gun and brandished the knife." *Id*. at 15.

As relief, Anderson asks the Court "to help me were I'm not to smart in [a]nd stop the slimy stuff that the State's doing to me."   *Id*. at 19.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.   Federal habeas relief may only be granted if remedies have been exhausted.   *See* 28 U.S.C. § 2254(b).   A petitioner has not exhausted remedies if he still has the right to raise the issue in state court.   *See id.*; O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999).   To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   Boerckel, 526 U.S. at 845.   Because Armstrong has not yet been convicted and sentenced, it is apparent he has not exhausted his claims in state court.   Further, because trial proceedings are evidently still pending in state court, the federal abstention doctrine precludes interference in those proceedings.   *Cf.* Braden v. 30th Judicial Cir. Ct. of

Ky., 410 U.S. 484, 489-92 (1973) (addressing claim raised in § 2241 petition only after concluding petitioner, a state pretrial detainee, had exhausted all available state court remedies for consideration of constitutional claim). *See also, e.g.*, Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining "[s]tate pretrial detention . . . might violate the Constitution or the laws or treaties of the United States" and "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only" because pre-trial detainee would not be "in custody pursuant to the judgment of a State court").

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004). In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless a limited exception applies:

(1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alterative state form exists in which to raise the constitutional issues.  Younger, 401 U.S. at 45-49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception appears applicable to Armstrong's federal habeas petition.   Armstrong does not make a "substantial allegation" showing his state prosecution is motivated by bad faith, nor has he alleged sufficient facts to show irreparable injury would occur.  *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).   Further, Florida state courts have adequate and effective procedures for reviewing his claims through appellate and post-conviction proceedings.   Accordingly, this Court should abstain from reaching his claims at this point.  *See, e.g.*, Turner v. Morgan, No. 3:12cv188-MCR/CJK, 2012 WL 2003835 at *3 (N.D.

Fla. Apr. 25, 2012) (Report and Recommendation to dismiss without prejudice § 2241 petition filed by state pretrial detainee).

## Conclusion and Recommendation

It is therefore respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed by Richard A. Armstrong pursuant to 28 U.S.C. § 2254 (ECF No. 5) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 29, 2019.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**